```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA          :

      - v -                       :
                                           05 Cr. 1314 (KMK)
MARIO HENRIQUEZ,                  :

                                  :
              Defendant.
                                  :
---------------------------------X
```

**DEFENDANT MARIO HENRIQUEZ'S MOTION AND MEMORANDUM
IN SUPPORT THEREOF TO DISMISS THE INDICTMENT FOR
OUTRAGEOUS GOVERNMENT CONDUCT**

```
                          LEONARD F. JOY, ESQ.
                          Federal Defenders of New York, Inc.
                          Attorney for Defendant
                              MARIO HENRIQUEZ
                          52 Duane Street - 10th Floor
                          New York, New York 10007
                          Tel.: (212) 417-8732
                          RICHARD F. BOULWARE
                          Assistant Federal Defender


TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn.: WILLIAM J. STELLMACH, ESQ.
      Assistant United States Attorney
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA          :

          - v -                   :   05 Cr. 1314 (KMK)

MARIO HENRIQUEZ,                  :

                                  :
                Defendant.
                                  :
---------------------------------X
```

**DEFENDANT MARIO HENRIQUEZ'S MOTION AND MEMORANDUM IN SUPPORT THEREOF TO DISMISS THE INDICTMENT FOR OUTRAGEOUS GOVERNMENT CONDUCT**

The defendant, Mario Henriquez, hereby moves under the Due Process Clause of the Fifth Amendment of the United States Constitution to dismiss the indictment for outrageous government conduct.

**BACKGROUND**

Mr. Henriquez is charged in a one-count indictment. See Declaration of Richard Boulware ("Declaration") at Exhibit B. The sole count charges Mr. Henriquez with illegally returning to the United States after having been previously deported in violation of 8 U.S.C. § 1326. Id.

On July 15, 2005, federal agents went to the home of Mr. Henriquez's wife, Eileen Saez, at 102 Westfield Avenue, Elizabeth New Jersey, 07208 (the "House"). Declaration at ¶ 6. Several federal agents knocked on the front door of the House early on

the morning of July 15, 2005.  <u>Id.</u> at ¶ 7.  The door to the House was answered by Ms. Saez's daughter, Ruby Nieves.  <u>Id.</u>  Ms. Saez then came to the door.  <u>Id.</u>  She was told by agents that they were looking for a man whose picture they showed her.  <u>Id.</u>  Ms. Saez did not recognize the man in the photograph but gave the agents permission to enter.  <u>Id.</u>  Approximately five agents entered the House.  <u>Id.</u>

The agents then searched the House, claiming that they were searching for the man in the photograph.  <u>Id.</u> at ¶ 8.  While the agents were searching the House, one of the agents asked to speak with Ms. Saez privately in her bedroom.  <u>Id.</u> at ¶ 9.  This agent began to question Ms. Saez about Mr. Henriquez.  <u>Id.</u>

While Ms. Saez was being questioned by this agent, her and Mr. Henriquez's six year-old son, Mario Henriquez, Jr. ("little Mario"), who had been sleeping in another part of the House, entered the room.  <u>Id.</u> at ¶ 10.  After little Mario entered the room, the agent questioning Ms. Saez told her that Mr. Henriquez had murdered a teenage girl in California.  <u>Id.</u>  Upon hearing this, Ms. Saez immediately told little Mario to leave the room.  <u>Id.</u>  After little Mario left the room, the agent continued to question Ms. Saez and again told her that Mr. Henriquez had killed a young girl in California.  <u>Id.</u>  He also threatened to have her children taken away from her by local authorities.  <u>Id.</u>

While Ms. Saez was being questioned in her bedroom by an

agent, her seventeen year-old daughter and little Mario were being questioned by agents in a separate room without her permission.  Id. at ¶ 11.  These agents specifically asked little Mario several questions, including: (i) where his father was; (ii) what type of car his father drove; and (iii) where his father worked.  Id. at ¶ 12.  The agents questioning little Mario never asked for or received Ms. Saez's permission to interrogate him.  Id. at ¶ 13.

No information or documents have ever been provided to defense counsel by the government to show that Mr. Henriquez was ever suspected of any murder of a young girl in California.  Id. at ¶ 15.

After the agents visited the House, Mr. Henriquez contacted the agents to beseech them to stop harassing his family and fabricating claims against him.  Id. at ¶ 14.

The psychological harm caused by the officers conduct is more fully described in a declaration filed under separate cover and will not be repeated here.  Id. at ¶¶ 16-17.

## **THE LEGAL STANDARD**

The Fifth Amendment guarantees an individual's right against self-incrimination.  U.S. Const., amend. V.

The right of a parent in the nurturing and care of his

children and in the integrity of the family unit are fundamental rights protected by the Constitution.  Stanley v. Illinois, 405 U.S. 645, 651 (1972)(collecting cases).

When the government engages in outrageous conduct in the course of a criminal investigation, due process principles "may bar the government from invoking the judicial process to obtain a conviction."  United States v. Cuervelo, 949 F.2d 559, 565 (2d Cir. 1991).  A due process violation occurs when the government's conduct is so outrageous that it "shocks the conscience."  United States v. Chin, 934 F.2d 393, 398 (2d Cir. 1991)(quoting Rochin v. California, 342 U.S. 165, 172 (1952).  In determining outrageousness "there is no meaningful distinction between physical and psychological harm inflicted upon the defendant."  Cuervelo, 949 F.2d at 56; see also Chin, 934 F.2d at 399 n.4. (accord).

## DISCUSSION

The conduct of the agents in their investigation in this case represents unconscionable psychological torture and coercion.  There can be no dispute that the agents through their actions have caused substantial – potentially irreparable – psychological harm to Mr. Henriquez's family, especially his six year-old son.  They intentionally uttered heinous claims about Mr. Henriquez to his family, knowing that they were not true.

And it is clear that they did this with the intent of trying to get him to contact them – which he ultimately did in order to protect his family.

Moreover, the agents also interrogated minor children, including Mr. Henriquez's six year-old son, without their mother's permission. Indeed, they not only questioned these children outside of the presence of their mother, but they also threatened to have the children taken away from their mother.

All of these offensive actions by the agents – as they intended – were conveyed to Mr. Henriquez. And, as intended, it led him to contact the agents to try to protect his family from further harassment and persecution. Mr. Henriquez was thus coerced through the psychological persecution of his family to violate his right against self-incrimination by making statements to the agents. The agents' conduct also violated Mr. Henriquez's constitutional rights as a parent in the integrity and care of his family.

## CONCLUSION

The agents in this case violated Mr. Henriquez's constitutional rights by engaging in reprehensible and outrageous conduct in their investigation.

**Wherefore**, it is respectfully requested that this Court enter an order dismissing the indictment or order a hearing.

Dated:  New York, New York
        July 7, 2006

>                               LEONARD F. JOY, ESQ.
>                               Federal Defenders of New York, Inc.
>                               Attorney for Defendant
>                                  **MARIO HENRIQUEZ**
>                               52 Duane Street, 10th Floor
>                               New York, New York 10007
>                               Tel.: (212) 417-8732
>
>
>                               _____/s/_____
>                               **RICHARD F. BOULWARE**
>                               Assistant Federal Defender

TO:  MICHAEL J. GARCIA, ESQ.
     United States Attorney
     Southern District of New York
     One St. Andrew's Plaza
     New York, New York 10007
     Attn.: **WILLIAM J. STELLMACH, ESQ.**
     Assistant United States Attorney