UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

MARIO HENRIQUEZ,

Defendant.

Case No. 05-CR-1314 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

Defendant moves to dismiss the Indictment on grounds of outrageous government conduct in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (Def.'s Mot. and Mem. in Supp. Thereof to Dismiss the Indictment for Outrageous Gov't Conduct, July 7, 2006.) Defendant alleges that federal agents stated, in the presence of Defendant's six-year-old son, Mario Henriquez, Jr. ("Little Mario"), that Defendant had murdered a teenage girl in California, knowing that such statement was untrue, and of making the statement to force Defendant to surrender. Defendant argues that this statement has caused Little Mario to suffer substantial psychological harm. (Id. at 3.) The Government responded, by way of letter, conceding Defendant's factual allegations, but arguing that the conduct did not rise to the level of constitutionally proscribed outrageousness. (United States Gov't Letter Brief to the Court, Aug. 7, 2006.) On October 12, 2006, the Court heard argument on whether a factual hearing was necessary in order for the Court to make factual findings to decide the motion. The Government maintained that it was conceding Defendant's factual allegations, but that the alleged conduct did not violate Defendant's due process rights. At the conclusion of oral argument, the Court ordered briefing on two issues: 1) whether a factual hearing was necessary

to develop a record from which the Court could make findings of fact; and, 2) whether the Supreme Court's holding in *United States v. Alvarez-Machain*, 504 U.S. 655 (1992), limited Defendant's potential remedy.

In the Government's letter-brief addressing those two questions, the Government maintained its position that an evidentiary hearing is not necessary. (United States Gov't Letter Brief to the Court, Oct. 16, 2006 at 1.) Yet, for the first time, the Government argued that "nothing put forth in the Defendant's allegations indicate that any of the alleged statements made by the agents were made directly to him so as to directly cause him psychological harm." (*Id.* at 3.) The Government also argued that the Defendant has not established that "this was a course of conduct that occurred over an established period of time as was the case in *Toscanino* and *Cuervelo*." (*Id.*) With these arguments, the Government has disputed Defendant's factual allegations.

In *United States v. Cuervelo*, 949 F.2d 559 (2d Cir. 1991), the Second Circuit held, when considering a motion to dismiss an indictment for outrageous government conduct, that "conducting a hearing is the preferred course of action in cases where disputed factual issues exist." *Id.* at 567. The Second Circuit has also made clear that in order to facilitate appellate review, district courts should conduct "a searching inquiry into the particulars of the investigative process employed by the government." *Id.* In this matter, the Government has disputed some of Defendant's allegations. In light of the disputed factual issues in this matter, and the uncertainty regarding what was said in the presence of Little Mario and whether the agents knew that Little Mario heard any such statements, a hearing is warranted to permit findings of fact that will allow for appellate review.

On this motion, Defendant carries the "very heavy" burden of establishing outrageous government conduct. *Czernicki v. United States*, 270 F. Supp. 2d 391, 394-95 (S.D.N.Y. 2003) (citation omitted). Nonetheless, the Court is mindful of Defense counsel's reticence to call Little Mario as a witness to the events that gave rise to this motion. Defendant has alleged, and the Government has not disputed, that other adults were witnesses to the alleged conduct, including Defendant's wife. Therefore, the Court leaves the matter of which witnesses Defendant may call to testify to the discretion of Defense counsel.

The hearing on this matter will be limited to what may or may not have been said in the presence of Little Mario by federal agents on July 15, 2005, when federal agents entered the home of Defendant's wife, Eileen Saez. The hearing will be on November 20, 2006, at 10 a.m.

SO ORDERED.

Dated:   October 30, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE