```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA           :

         - v -                     :    D E C L A R A T I O N

MARIO ARNALDO HENRIQUEZ,           :    05 CR 1314 (KMK)

              Defendant.           :
- - - - - - - - - - - - - - - - - x
```

I, **Peter N. Tsapatsaris, Esq.**, hereby declare under the penalties of perjury, pursuant to 28 U.S.C.§ 1746, that:

1. I am an attorney associated with Federal Defenders of New York, Inc., and have been appointed by the Court to represent the defendant, Mario Henriquez, in this action. I make this declaration pursuant to Rules 11 and 12 of the Federal Rules of Criminal Procedure in support of Mr. **MARIO ARNALDO HENRIQUEZ'S** Motion to (1) Withdraw his Plea and (2) Dismiss the Indictment on the ground that he was illegally deported after a fundamentally unfair proceeding that deprived him of administrative and judicial review, in violation of the Due Process Clause.

2. The statements contained in this Declaration are based on information and belief, my interview with Mr. Henriquez and other witnesses and my review of documents provided by government in discovery.

3. On or about December 2, 2005, Mr. Henriquez was arrested on a complaint that charged him with illegally reentering the United States in violation of 8 U.S.C. § 1326. A copy of the

complaint is attached hereto as Exhibit A.

    4.  The complaint alleged that Mr. Henriquez had illegally returned to the United States in or after May 2001, after having been previously deported subsequent to a federal conviction.

    5. Mr. Henriquez was subsequently indicted.  The one count in the indictment, attached hereto as Exhibit B, alleges that Mr. Henriquez illegally returned to the United States on or after May 2001.

    6. Mr. Henriquez pled guilty to the Indictment on June 6, 2007.

**Mr. Henriquez's Deportation**

    7. Mario Arnaldo Henriquez, a citizen of Ecuador, arrived in the United States, New York City, as a legal immigrant on September 23, 1961.  He was one year old.  He lived in the United States as a lawful permanent resident until December 5, 1998, when he was deported to Ecuador.

    8. Mr. Henriquez was deported because, on March 18, 1986, he pled guilty to conspiracy to distribute cocaine and possession with intent to distribute cocaine in the United States District Court for the District of Massachusetts.  He was sentenced to sixty months of imprisonment, to be followed by thirty-six months of parole.

    9. The INS did not initiate deportation proceedings against Mr. Henriquez until 1989.  On May 9, 1989, the INS issued an order to show cause, alleging that he was deportable on the basis

of his 1986 conviction, which was an aggravated felony. Mr. Henriquez had his first deportation hearing on July 17, 1989 in the United States Immigration Court in Boston, Massachusetts. At that hearing, the Immigration Judge advised Mr. Henriquez that he had the right to counsel and granted Mr. Henriquez an adjournment so that he could retain counsel.

10. On October 31, 1989, Mr. Henriquez appeared before the Court for a continuation of the hearing, and was represented by attorney Eva H. Clark. She stated to the Court that she had not yet discussed Mr. Henriquez's rights with him because the order to show cause had been lost. She informed the Court that she would be applying for 212(c)[1] relief from deportation on Mr. Henriquez's behalf. The Judge set a filing deadline of December 15, 1989. A continuation of the hearing was scheduled for April 23, 1990.

11. On June 8, 1990, the hearing continued. Neither Mr. Henriquez nor his lawyer was present. The Court had not received an application for 212(c) relief known as an I-191 form. The Immigration Judge also noted that his clerk informed him that Ms. Clark's license to practice law had been suspended. A continuance was granted to February 25, 1991.

---

[1] Prior to 1996, 8 U.S.C. § 1182(c) permitted the Attorney General to waive deportation for any lawful permanent resident alien who resided in the United States for at least seven consecutive years. This waiver is commonly known as 212(c) relief, because it was originally contained in section 212(c) of the Immigration and Nationality Act of 1952. In 1990, this section was amended to prohibit retroactively 212(c) relief for anyone convicted of an aggravated felony who served a term of imprisonment of at least five years on that conviction. This amendment does not apply to Mr. Henriquez, who served less than five years for his only criminal conviction.

12. On February 25, 1991, the hearing recommenced.  Mr. Henriquez was present and was not represented by an attorney.  The Immigration Judge directed Mr. Henriquez to fill out a I-191 form and return it to the Court by March 15, 1991.  The hearing was adjourned until April 4, 1991.

13. Shortly after this hearing, Mr. Henriquez contacted Ms. Clark and informed her of the events of the February 25 proceeding.  Ms. Clark, whom he had paid $5,000, assured Mr. Henriquez that she was still capable of representing him, did not tell him that she had been disbarred, and advised Mr. Henriquez that she would fill out the required forms.  She also informed Mr. Henriquez that she would obtain an adjournment of the April 4, 1991, hearing, and would inform him of the new hearing date when it was scheduled.  However, Ms. Clark never submitted any forms to the Court on Mr. Henriquez's behalf, never rescheduled the hearing and never informed Mr. Henriquez of his next court appearance.  Within a few months, her phone was disconnected and Mr. Henriquez was unable to locate her.  On April 4, 1991, the hearing recommenced.  Mr. Henriquez was not present and the Court had not received an I-191 application.  The Immigration Judge ordered Mr. Henriquez to be deported, <u>in</u> <u>absentia</u>.

14. On October 1, 1998, Mr. Henriquez moved to reopen his deportation hearing, on the ground that he was not able to attend because he had not received notice that the hearing would continue on April 4, 1991.  He was represented by Kerry William

Bretz.  Immigration Judge Billino W. D'Ambrosio denied Mr. Henriquez's motion because Mr. Henriquez had been informed of the April 4, 1991 date at the February 25, 1991 hearing.  Mr. Bretz also informed Mr. Henriquez that he was not eligible for 212(c) relief because the law had changed since his initial deportation.  No appeal was filed.  Mr. Henriquez was deported on December 5, 1998.

15. At the time he was ordered deported, Mr. Henriquez had lived in the United States for twenty-four years.  He was married to Anna Rodriguez, and the couple had one child who was a United States citizen, Eric William Henriquez.  He was employed at Printed Circuit Corporation, making circuit boards, and was taking courses in business administration at night at Somerville Community College.  He had earned a High School degree in Providence Rhode Island.  Additionally, he had joined the Army Reserve, and was granted a general discharge due to illness.  He had no criminal record aside from the conviction that was the basis of his deportation.  Both of his parents lived in the United States and he had no family in Ecuador that he associated with.

16.  For the reasons advanced in the accompanying Memorandum of Law, the Court should enter an order allowing Mr. Henriquez (1) to Withdraw his Plea and (2) Dismiss the Indictment on the ground that he was illegally deported after a fundamentally unfair proceeding that deprived him of administrative and

judicial review, in violation of the Due Process Clause.

**WHEREFORE,** it is respectfully requested that this Court enter an order permitting Mr. Henriquez to withdraw his plea and dismissing the indictment in this case.

Dated:  New York, New York
        July 14, 2007

> **Peter N. Tsapatsaris, ESQ.**
> Attorney for Defendant
> **MARIO ARNALDO HENRIQUEZ**
> 52 Duane Street - 10th Floor
> New York, New York  10007
> Tel.: (212) 417-8713