UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,         :

        -vs.-                          :

MARIO ARNALDO HENRIQUEZ,          :         05 Cr. 1314 (KMK)

        Defendant.               :

------------------------------x

**AFFIRMATION OF EVA H. CLARK**

      I, **EVA H. CLARK**, an attorney admitted to practice law, hereby affirm the following under the penalties of perjury, pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney admitted to practice law in the Commonwealth of Massachusetts, and I have been a member of the Massachusetts State Bar Association since 1981.

    2.    I am currently the Executive Director of the Judge Richard L. Banks Community Justice Program, an organization dedicated to the rehabilitation of former prison inmates through education and employment, and to youth education.

    3.    In or about 1989, I was retained to represent Mario Arnaldo Henriquez in connection with certain immigration proceedings. Mr. Henriquez was a citizen of Ecuador and was facing deportation following his conviction for a narcotics offense.

    4.    During the course of my representation of Mr. Henriquez, I was placed on administrative suspension for one year. The suspension arose from my failure to pay bar dues.

    5.    Because of my administrative suspension, I was formally prohibited from entering appearances or making filings, among other things. To comply with that order, and to ensure that my suspension would be lifted at the conclusion of the one year period, I ceased practicing law

entirely.

6. I have reviewed the motion filed on behalf of Mr. Henriquez in the instant case in which certain claims are made regarding representations that I purportedly made to Mr. Henriquez. Specifically, I have reviewed the Declaration of Peter N. Tsapatsaris dated July 14, 2007 (the "Tsapatsaris Declaration" or "Tsapatsaris Dec."), and the Memorandum of Law in support of the Motion to Withdraw the Plea and Dismiss the Indictment.

7. I am submitting this Affidavit to correct certain factual misstatements made in that motion regarding my representation of Mr. Henriquez.

8. Among other things, the Tsapatsaris Declaration claims that I did the following: (a) failed to disclose to Mr. Henriquez my administrative suspension (which he mistakenly labels a disbarment); (b) informed Mr. Henriquez that I would obtain an adjournment of the next scheduled hearing date in the deportation proceeding; and (c) advised him that I would fill out the required forms for an application for relief under Section 212(c) of the Immigration and Nationality Act of 1952. See Tsapatsaris Dec., ¶ 13.[1]

9. First, I never concealed my administrative suspension from any client, and, in fact, affirmatively disclosed my status to my clients. In light of the amount of time that has elapsed, I do not recall any specific inquiry from Mr. Henriquez regarding my administrative suspension. However, I can represent to this Court that, far from failing to disclose my suspension, I necessarily had to advise clients to obtain competent counsel to replace me in light of my

---

[1] Although not directly relevant to the motion, I do wish to clarify that, contrary to the claims made in the Tsapatsaris Declaration, I never received a $5,000 retainer from Mr. Henriquez. See Tsapatsaris Dec., ¶ 13. In fact, my standard fee for an immigration case at the pertinent period was $500.

2

suspension. Concealing my status, particularly in a pending immigration case, would have made no sense, and, in any event, is not the type of conduct in which I engaged. Without minimizing my misconduct leading to my suspension, I wish to emphasize that my suspension did not arise from ethical improprieties or acts of dishonesty.

10. Second, following my administrative suspension, I did not represent to any former, current, or prospective client that I was in a position to do any of the things that the Tsapatsaris Declaration claims that I said I would do on Mr. Henriquez's behalf. Because of my administrative suspension, I was expressly prohibited from continued appearances and making filings. That prohibition extended to both court and administrative matters, including immigration proceedings. Accordingly, I did not represent to Mr. Henriquez (or anyone else) that I was going to obtain adjournments or prepare documents in connection with any proceedings whatsoever.

11. In sum, regaining my license was paramount, and I therefore would not and did not risk its permanent loss by engaging in the representations attributed to me by Mr. Henriquez in the present motion.

Dated: Jamaica Plain, Massachusetts
July 19, 2007

*Eva H. Clark*
EVA H. CLARK, ESQ.
Executive Director
The Judge Richard L. Banks
   Community Justice Program
964 Parker Street
Jamaica Plain, Massachusetts 02130
Telephone: 617-522-7870

3