U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE ) IMMIGRATION REVIEW
IMMIGRATION COURT
, MASSACHUSETTS

BRETZ, WILLIAM
BRETZ & ASSOCIATES
299 BROADWAY # 810
NEW YORK          NY 10007

IN THE MATTER OF          FILE A 12-345-175          DATE: Oct 28, 1998
HENRIQUEZ, MARIO ARNALDO

ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE. THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:
                    BOARD OF IMMIGRATION APPEALS
                    OFFICE OF THE CLERK
                    P.O. BOX 8530
                    FALLS CHURCH, VA  22041

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252b(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS. IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                    IMMIGRATION COURT
                    JFK FEDERAL BLDG., ROOM 320
                    BOSTON, MA  02203-0002

__ OTHER:
_____

                                        _____
                                        COURT CLERK
                                        IMMIGRATION COURT            FF

CC: JOHN M. FURLONG
    GOVERNMENT CENTER
    BOSTON, MA, 02203

KEK

MAH 0010

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

File:   A12 345 175

In the Matter of                        )
                                        )
Mario HENRIQUEZ,                        )   IN DEPORTATION
                                        )   PROCEEDINGS
Respondent                              )

CHARGE:   Section 241(a)(11) of the Immigration and Nationality Act ("the Act")
          [8 U.S.C. § 1251(a)(11)] - Convicted of a Controlled Substance Violation

APPLICATION:   Motion to Reopen

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:
Kerry William Bretz, Esq.           Assistant District Counsel
299 Broadway, Suite #810            Trial Attorney Unit - INS
New York, New York 10007            JFK Federal Bldg., Rm. 425
                                    Boston, Massachusetts 02203

DECISION OF THE IMMIGRATION JUDGE

On October 1, 1998, the respondent filed a motion to reopen in the above-referenced matter. The Immigration and Naturalization Service ("the Service") served the respondent an Order to Show Cause ("OSC") alleging that the respondent was a native and citizen of Ecuador who entered the United States on or about September 23, 1961 at or near Miami, Florida. The OSC further alleges that on March 18, 1986, the respondent was convicted of a conspiracy to distribute cocaine and possession with intent to distribute in violation of Title 21 U.S.C., §§ 846, 841(a)(1). After a hearing on April 4, 1991, the Court entered an in absentia order of deportation against the respondent based upon the charges contained in the OSC. In his motion, the respondent asserts that he was unable to attend his deportation hearing because he failed to receive notice of the same.

On October 7, 1998, the Service filed a memorandum in opposition to the respondent's motion to reopen. The Service argues that the respondent was hand-served notice of his April 4, 1991 deportation hearing. Moreover, the Service notes that the respondent waited nearly eight

MAH 0003

years after his previous deportation hearing to file the instant motion. Consequently, the Service asserts that the respondent's motion to reopen should be denied.

A hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear. Matter of Patel, 19 I & N Dec. 260 (BIA 1985), aff'd, Patel v. INS, 803 F.2d 804 (5th Cir. 1986); Matter of Marallag, 13 I & N Dec. 775 (BIA 1971). Where an Immigration Judge conducts a deportation hearing in absentia, an alien can move to have the Immigration Judge reopen the proceedings when the cause for the alien's failure to appear relates to facts not before the Immigration Judge at the time of his decision. Matter of Haim, 19 I & N Dec. 641 (BIA 1988).

The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. 8 C.F.R. §3.23. A party seeking to reopen proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. 8 C.F.R. §103.5; INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982).

When a party is seeking reopening for the purpose of applying for relief, the party has the heavy burden of making a prima facie showing that the statutory requirements for the relief have been satisfied, that there exists previously unavailable material evidence, and that relief will be granted as a matter of discretion. INS v. Doherty, 502 U.S. 314 (1992); INS v. Wang, 450 U.S. 139 (1981); Matter of Coelho, 20 I & N Dec. 464 (BIA 1992); Matter of Marin, 16 I & N Dec. 581 (BIA 1978). Furthermore, any motion to reopen filed with the Court for the purpose of acting on relief must be accompanied by the appropriate application for relief and all supporting documentation. 8 C.F.R. §3.23(b). The granting of a motion to reopen is entirely discretionary. INS v. Wang, 450 U.S. 139 (1981).

The respondent's motion to reopen will be denied. A review of the recorded proceedings indicates that on February 25, 1991, the Immigration Judge orally notified the respondent of his upcoming deportation hearing on April 4, 1991. The Immigration Judge repeated the date and time of the hearing to ensure the respondent understood his obligation to appear on April 4, 1991 and the consequences if he failed to appear for said hearing date. Therefore, the Court finds no merit in the respondent's argument that he failed to receive notice of hearing or that he failed to appear due to a reasonable cause. Based on the foregoing, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen deportation proceedings be, and the same is hereby DENIED.

10/27/98
Date

_Billino W.B. Ambrosio_
BILLINO W. D'AMBROSIO
United States Immigration Judge

A12345175/10-98/ESH

**MAH 0004**